Compiler

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) |
| | ) **CRIMINAL CASE NO. CM0548-11** |
| vs. | ) |
| | ) **DECISION AND ORDER** |
| RES ALANSO NARRUHN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed November 5, 2012. Oral arguments were heard on November 26, 2012. Assistant Attorney General James C. Collins, Esq. appeared on behalf of the Government and Assistant Public Defender Suresh Sampath, Esq. represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On May 4, 2011, the Government filed a complaint to charge Defendant with driving under the influence of alcohol and improper storage of an open container as misdemeanors and with reckless driving as a petty misdemeanor. The complaint was filed contemporaneously with a copy of a citation and notice for Defendant to appear on June 1, 2011 pursuant to 8 GCA Chapter 25. On June 1, 2011, the Court rescheduled Defendant's first appearance to July 6, 2011, or sixty-three (63) days after the complaint was filed.

When Defendant failed to appear on July 6, the Court entered a summons for Defendant to appear on August 31, 2011.[1] Defendant failed to appear on August 31, 2011 and the Court entered a bench warrant that was served on May 30, 2012. Defendant was released the same day and arraigned on June 4, 2012.

---

[1] The record contains no affidavit that the summons was served or not served upon Defendant.

On November 5, 2012, Defendant filed the present motion to dismiss because he was not promptly arraigned within sixty (60) days of the complaint pursuant to *People v. Rasauo*, 2011 Guam 14. Defendant argues that the delay is not excused by good cause and that the complaint should be dismissed with prejudice. The Government argues that judicial delay and the bench warrant constitute good cause to excuse the untimely arraignment and that the complaint can only be dismissed with prejudice when the Defendant suffers from actual prejudice, bad faith or misconduct.

**DISCUSSION**

Under Guam law, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo*, 2011 Guam 14 ¶ 16. This rule applies, "the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3)," to the prompt arraignment requirement delineated in 8 GCA § 60.10(a). *Id*. Good cause to delay a prompt arraignment is determined by the specific circumstances of each case. *Id*. at ¶ 14.

**1. Good Cause to Delay Prompt Arraignment**

Guam law does not describe the specific circumstances that constitute good cause to delay a prompt arraignment. In *People v. Stephen*, 2009 Guam 8 ¶ 32, the Supreme Court explained that, "the prompt arraignment requirement of 8 GCA § 60.10(a) is a statutory expression of the speedy trial right," and a speedy trial may be delayed by the following good causes: 1) conduct of the defendant; 2) delay that benefits the defendant; 3) unforeseen circumstances; and 4) prompt disposition of pretrial motions. *See e.g. People v. Flores*, 2009 Guam 22 ¶ 40; *Carver v. Superior Court*, 1998 Guam 23 ¶ 11; *Quinata v. Superior Court*, 2010 Guam 8 ¶ 36.

In this case, the Defendant was arraigned on June 4, 2012, more than 60 days after the complaint was filed on May 4, 2011. An initial delay was caused by the Court's calendar of the first appearance sixty-three (63) days after the complaint was filed. The Government contends that this delay is excusable for good cause because it is not attributable to prosecutorial delay. The Court does not agree. Pursuant to *Rasauo*, 2011 Guam 14 ¶ 12, courts, judicial officers and

prosecuting attorneys all share the duty and the constitutional guarantee to promptly dispose criminal charges. *Id.* (*citing Strunk v. U.S.*, 412 U.S. 434, 439, n. 2 (1973) and 8 GCA § 80.50(a)).[2] For this reason, the untimely arraignment is not excused by 63 days of judicial delay and the complaint shall be dismissed pursuant to *Rasauo*, 2011 Guam 14.[3]

**2. Dismissal With or Without Prejudice**

Guam law does not specify whether dismissal with prejudice or dismissal without prejudice is the appropriate remedy for a violation of 8 GCA § 60.10(a) and *Rasauo*, 2011 Guam 14. The prompt arraignment requirement is an expression of the speedy trial right. *Stephen*, 2009 Guam 8 ¶ 32. Absent clear guidance to dismiss an untimely arraignment with or without prejudice, the Court shall consider the established speedy trial analyses in order to more consistently weigh the circumstances of an untimely arraignment. *See Id.* at ¶ 21 (an established rule or forewarning may be required to dismiss with prejudice).

Under Guam law, the Court must consider the following relevant factors to determine whether a delay violates the Sixth Amendment right to a speedy trial: 1) the length of the delay; 2) the reason for the delay; and 3) the presence or absence of prejudice resulting from the delay. *People v. Flores*, 2009 Guam 22 ¶¶ 41-42 (*citing Barker v. Wingo*, 407 U.S. 514, 521 (1972)). When federal time limits to begin trial are violated, the following factors determine whether to dismiss the prosecution with or without prejudice: 1) the seriousness of the offense; 2) the facts and circumstances that led to dismissal; 3) the impact of reprosecution on the administration of federal time limits and the administration of justice; and 4) the prejudice suffered by the defendant from the delay. *See Perez*, 2011 WL 2294194, at *3 (*citing* 18 U.S.C. § 3162(a)(2); *U.S. v. Taylor*, 487 U.S. 326, 336-337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1998); and *U.S. v. Lewis*, 518 F.3d 1171, 1176 (9th Cir. 2010)).

---

[2] *People v. Julian*, 2012 Guam 26, ¶ 22, entered after argument on Defendant's motion, is further instructive. "For purposes of prompt arraignment under section 60.10(a) and *Rasauo II* delay, we attribute the court's delay to the People." *Id.* at ¶ 35.

[3] Subsequent delays were caused by an inability to serve the Defendant with a summons or bench warrant, but this additional delay is immaterial to the Court's analysis as the 63-day delay is not excusable for good cause.

In this case, Defendant was arraigned on June 4, 2012, which is more than one (1) year after the complaint was filed on May 4, 2011. The length of this delay may give rise to a presumption of prejudice. *Flores*, 2009 Guam 22 ¶ 49. The initial 63-day delay was caused by judicial calendaring and the responsibility for this delay weighs against the Government. *Id.* at ¶¶ 45-46. The subsequent delay was caused by the inability to locate and serve Defendant, but the entire record is devoid of the information necessary to determine whether this delay was deliberate, negligent or justified, and the responsibility for the delay does not weigh in favor of either party. *Id.* Most importantly, the complaint caused no oppressive pretrial incarceration, anxiety or concern before the Defendant was located and served on May 30, 2012, and there is no allegation of actual prejudice in this matter. *Id.* at ¶¶ 49-56. These circumstances weigh against a constitutional violation and against Defendant's request for dismissal with prejudice.

Furthermore, a dismissal without prejudice is warranted in light of the less serious offense of misdemeanors and a petty misdemeanor, the aforementioned slight impact of the delay, the absence of clear Government neglect, and the aforementioned absence of prejudice suffered by the Defendant. *See Perez*, 2011 WL 2294194, at *3-8. For all of these reasons, the complaint shall be dismissed without prejudice.

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby GRANTED and the complaint is dismissed without prejudice for failure to promptly arraign Defendant, pursuant to 8 GCA § 60.10(a) and *People v. Rasauo*, 2011 Guam 14.

SO ORDERED this  5TH  day of February, 2013.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**



I hereby certify that the fore-
going is a true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

FEB 0 5 2013

James R. Borja
Deputy Clerk, Superior Court of Guam